IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DALLAS DUHON** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil Action No. 1:06-CV-718-LG-RHW |
| | § | |
| **TRUSTMARK BANK and FIDELITY** | § | **DEFENDANTS** |
| **NATIONAL FINANCIAL, INC. d/b/a** | § | |
| **LSI FLOOD SERVICES** | § | |

### MEMORANDUM OPINION AND ORDER TO REMAND CAUSE TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiff to Remand [7] the above styled and numbered civil action to the Circuit Court of Jackson County, Mississippi. This matter was removed by Fidelity National Financial, Inc., d/b/a LSI Flood Services("LSI"). LSI alleges federal question jurisdiction. Alternatively, LSI alleges that Trustmark Bank has been improperly joined in order to defeat diversity. The civil complaint alleges that LSI performed a flood zone certification in conjunction with the purchase of Plaintiff's home. In reliance on this flood zone certification Plaintiff was not required to obtain federal flood insurance. It was not until after his home was severely damaged by flood waters associated with Hurricane Katrina that Plaintiff discovered that the flood zone determination was incorrect and that his property was, in fact, located within the flood zone. Plaintiff alleges that the Defendants failed to fulfill their obligations under the National Flood Insurance Program ("NFIP") and that but for an erroneous flood zone determination, he would have had federal flood insurance under the NFIP.

**FACTS AND PROCEDURAL HISTORY**

In May of 2005 the Plaintiff, Dallas A. Duhon, purchased a home in Ocean Springs, Mississippi. Trustmark provided the financing for Plaintiff's home mortgage. According to the Plaintiff, Trustmark was required to determine whether the subject property was located within a Special Flood Hazard Area ("SFHA"). The complaint also alleges that Trustmark hired LSI to make the SFHA determination. On June 3, 2005, LSI determined that Plaintiff's property was not located within a SFHA. LSI informed Trustmark of the SFHA determination as required by FEMA regulations.[1] Consequently, Trustmark did not require, and Plaintiff did not obtain, federal flood insurance under the NFIP.

On August 29, 2005, Plaintiff's home and property were severely damaged by wind and storm surge associated with Hurricane Katrina. It was sometime after the storm that Plaintiff discovered that his home was, in fact, in a SFHA. Plaintiff filed a civil complaint in the Circuit Court of Jackson County, Mississippi. LSI removed the matter to this Court pursuant to 28 U.S.C. § 1441(a) alleging both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

**DISCUSSION**

THE NATIONAL FLOOD INSURANCE PROGRAM

The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq. ("NFIA"). was enacted to make flood insurance available to persons in flood-prone areas. Flood insurance policies issued under NFIA are called Standard Flood Insurance Policies ("SFIP"). The Federal Emergency Management Agency, an agency of the Department of Homeland Security,

---

[1]*See* Plaintiff's Complaint, Exhibit "A", FEMA Form 81-93.

administers the NFIP. The NFIP has two components: (1) a flood insurance program and (2) a unified national plan for flood management.[2] Initially, the program operated primarily through a pool of private insurers under the supervision and with the financial support of the Department of Housing and Urban Development. In 1973 Congress amended the NFIA and enacted the Flood Disaster Protection Act ("The Act").[3] The Act requires flood insurance for loans secured by improved real estate within a federally-created Special Flood Hazard Area ("SFHA"). The Act also requires banks and lending institutions ("Regulated Lenders") to determine whether property is located in a SFHA. Under the Act, Regulated Lenders are permitted to delegate the task of determining whether a particular piece of property falls within a SFHA to third parties.[4] The 1994 amendments to the NFIA include a grant of immunity to Regulated Lenders that rely on third parties to make SFHA determinations.[5]

<u>FEDERAL QUESTION JURISDICTION</u>

LSI alleges that this Court has exclusive original federal question jurisdiction over Plaintiff's claims under the NFIA. Federal district courts have original exclusive jurisdiction over disputes concerning the handling of SFIP claims.[6] Additionally, the NFIA preempts any state law cause of action based upon the handling of SFIP claims. *See Gallup v. Omaha Property*

---

[2] 42 U.S.C. §§ 4001(b) and (c).

[3] 42 U.S.C. § 4012a(b)(1).

[4] 42 U.S.C. § 4104b(d).

[5] 42 U.S.C. § 4104b(e); *Cruey v. First American Flood Date Services, Inc.,* 174 F.Supp.2d 525, 528 (E.D. Ky. 2001)(the NFIP specifically provides "a broad grant of immunity to lending institutions covered by the Act.").

[6] 42 U.S.C. § 4072.

*and Casualty Ins. Co.,* 434 F.3d 341 (5th Cir. 2005). However, Plaintiff's complaint states no cause of action related to the handling of an SFIP claim. In fact, there is no SFIP upon which to make such a claim. Instead, Plaintiff has alleged state law negligence claims. Specifically, Plaintiff claims that LSI performed a SFHA determination in a negligent manner.[7] Plaintiff alleges that Trustmark was negligent by failing to properly determine that Plaintiff's property was located within a SFHA and by failing to require Plaintiff to procure a SFIP.[8]

Defendants argue that Plaintiff's state law claims invoke federal question jurisdiction because they "are premised on the National Flood Insurance Act and the duties and responsibilities set forth therein."[9] Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Therefore, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations and show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). In certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. *Carpenter v. Wichita Falls Independent School Dist.* 44 F.3d 362, 366 (5th Cir. 1995). Thus, under the "artful pleading doctrine," a plaintiff may not avoid federal jurisdiction merely by omitting to

---

[7]Plaintiff's Complaint, at 5.

[8]*Id.* at 4.

[9]*See* LSI's Memorandum Brief, at 13.

plead necessary federal questions in his complaint. *See Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2852- 53. However, merely alleging the violation of a federal statute as an element of a state law cause of action, when that statute does not provide for a private cause of action, is insufficient to confer federal question jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). As noted above, NFIP causes of action are limited to disputes regarding SFIP claims handling. Claims which relate to the procurement of flood policies do not give rise to federal jurisdiction under the NFIA. *See Seruntine v. State Farm Fire & Cas.Co.,* 2006 WL 2228947 (E.D.La. 2006); *Cosse v. B.G. Matte,* 2006 WL 1968868 (E.D.La. 2006); *Landry v. State Farm Fire & Cas. Co.,* 428 F.Supp.2d 531, 534-36 (E.D.La . 2006); *Corliss v. South Carolina Ins. Co.,* 2004 WL 2988497 (E.D.La.2004); *Elizabeth v. USAA Gen. Indem. Co.,* 2002 WL 31886719 (E.D.La. 2002) *see also Waltrip v. Brooks Agency, Inc.,* 417 F.Supp.2d 768, 770 (E.D.Va. 2006); *Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324, 1332-33 (D.N.M. 2005). Moreover, the NFIP creates no private express or implied federal cause of action by a borrower for an alleged violation of the flood zone determination and notification requirements of the act. *Till v. Unifirst Federal Sav. & Loan Ass'n,* 653 F.2d 152 (5th Cir. 1981); *Mid-America Nat'l Bank of Chicago v. First Sav. & Laon Ass'n of South Holland,* 737 F.2d 638 (7th Cir. 1984); *Hofbauer v. Northwestern Nat. Bank of Rochester, Minn.*, 700 F.2d 1197 (8th Cir. 1983); *Arvai v. First Federal Sav. & Loan Ass'n*, 698 F.2d 683 (4th Cir. 1983). The allegations in Plaintiff's complaint are insufficient to invoke § 1331 federal question jurisdiction.

DIVERSITY JURISDICTION

The diversity statute requires "complete diversity" of citizenship: a district court cannot

exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). However, such diversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant. *Hart v. Bayer Corp.*, 199 F.3d 239, 243-46 (5th Cir. 2000). Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568 (5th Cir. 2004). In considering an improper joinder claim based upon the inability of the plaintiff to establish a cause of action against the non-diverse party, the court ordinarily conducts a Rule 12(b)(6) analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the non-diverse party. In considering an improper joinder claim, all factual allegations are viewed in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Travis v. Irby*, 326 F.3d at 650; . In addition, all ambiguities in the controlling state law are resolved in favor of the plaintiff. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *B., Inc.,* 663 F.2d at 549; *Gray v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400 (5th Cir. 2004)(when considering a fraudulent joinder argument, the court must resolve all ambiguities in state law in favor of remand). The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so. *Dodson,* 951 F.2d at 42-43; *B., Inc.,* 663 F.2d at 549. Here, LSI contends that Plaintiff cannot establish a cause of action against Trustmark. Thus, LSI must demonstrate there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against

Trustmark in state court.  *See Smallwood v. Illinois Cent. R. Co.,* 385 F.3d at 573.

Plaintiff alleges that their uninsured flood losses are the result of Trustmark's negligent failure to take the steps required of Regulated Lenders under the NFIP.  Under Mississippi law, "failure to act in accordance with statutes does not in and of itself establish negligence; however, violation of the statutes will be generally found to constitute 'negligence per se.'"  *State Farm Auto Ins. Companies v. Davis*, 887 So.2d 192, 194 (Miss. App., 2004).  To prevail in an action for negligence per se, a party must prove that he was a member of the class sought to be protected under the statute, that his injuries were of a type sought to be avoided, and that violation of the statute proximately caused his injuries.  *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 787 (Miss.,2004).

State courts have almost uniformly held that since borrowers do not belong to the class that § 4012a was intended to protect, there is no private cause of action by borrowers based on violations of the statute.  *See Ford v. First American Flood Data Services, Inc.,* 2006 WL 2921432 (M.D.N.C. Oct. 11, 2006).  Applying an *Erie*[10] guess to the question in *Wentwood Woodside I, LP, v GMAC Commercial Mortg. Corp.,* 419 F.3d 310 (5th Cir. 2005), the court noted first that "every single federal court to consider whether a federal private right of action arises under section 4012a has concluded that the federal treasury, not individual mortgagors like Wentwood, is the class the statute intends to protect."  *Id.*  at 323.  The court went on to hold that "having 'guessed' that the Texas Supreme Court would not treat mortgagors as the protected class, we hold that section 4012a does not give rise to a private right of action under Texas law for negligence *per se.*"  *Id.*

---

[10]*Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

No Mississippi court has considered whether a Plaintiff like Duhon belongs to the class that § 4012a protects.  It is important to remember however, that the question of whether the Plaintiff can state a negligence per se claim against Trustmark under Mississippi law for alleged violations of § 4012a is presented to this Court in the context of a claim of improper joinder.  It might well be this Court's best *Erie* guess to hold that Mississippi would join the majority of jurisdictions that have concluded that § 4012a cannot be the basis for a state law claim of negligence per se.  However, the sole question before this Court is who tries the case: State or Federal Court?  *See Badon v. RJR Nabisco, Inc.,* 236 F.3d 282 (5th Cir. 2000); *Bobby Jones Garder Apartments, Inc., v. Suleske,* 391 F.2d 172 (5th Cir. 1968).  Mississippi courts are fully competent to determine what constitutes negligence per se under state law and should be permitted to perform that function.  Applying an *Erie* guess to Mississippi substantive law at this stage puts the cart before the horse and is inconsistent with the notion that all ambiguities in the controlling state law are resolved in favor of the plaintiff.  Therefore, the Court must conclude that at this time, under unsettled Mississippi law, the complaint states a claim of negligence per se against the non-diverse defendant.

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [7] the above styled and numbered cause, filed August 25, 2006, should be, and is, hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE